THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

CHRISTIAN COLÓN-ROSARIO,

Defendant.

Criminal No. 16-398 (ADC)

## OPINION AND ORDER

By an Indictment, dated June 22, 2016, a federal grand jury charged defendant Christian Colón-Rosario with four counts of possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1). **ECF No. 17**. The charges stem from the illegal drugs that law-enforcement officers allegedly recovered from defendant's home on May 25, 2016, pursuant to a local search warrant. **ECF No. 1-1**, ¶¶ 6, 9. The officers allegedly found 1,325 decks containing heroin, 236 baggies containing cocaine, 101 baggies containing marihuana, and 22.4 grams of crack cocaine in defendant's home. *Id.*, ¶ 9. Defendant has pleaded not guilty to the charges. **ECF No. 21**.

On October 3, 2016, defendant moved the Court to suppress the fruits of the local search warrant on the ground that the warrant affidavit contains an omission, made intentionally or in reckless disregard for the truth, that was material to the magistrate's finding of probable cause. **ECF No. 32**. In particular, defendant contends that the probable-cause finding was based upon the affiant's alleged observation, from an unspecified location on defendant's street, that "illegal drug trafficking activities" were being conducted out of defendant's home. *Id.*, ¶ 1. Defendant

claims that the affiant omitted the "exact location of his surveillance" from the affidavit because, had he included it, defendant would have been able to prove that, contrary to the affidavit, the affiant did not have a "clear view" of defendant's home. *Id.*, ¶¶ 4, 7-8. The Government opposes the motion. **ECF No. 33**. Defendant has replied to the Government's opposition. **ECF No. 36**.

After some more jousting between the parties, the Court referred the suppression motion to Magistrate Judge Bruce J. McGiverin pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Criminal Procedure 59(b)(1), and Local Criminal Rule 159(a). **ECF No. 48**. The magistrate judge then conducted a hearing pursuant to *Franks* v. *Delaware*, 438 U.S. 154 (1978). **ECF No. 54**. At the hearing, the affiant testified on behalf of the Government, and a private investigator testified for defendant. *Id*. The next day, defendant filed a brief in support of his motion. **ECF No. 57**.

On April 13, 2017, Magistrate Judge McGiverin issued a report and recommendation that recommended denying the motion because, although the affiant's view of defendant's residence had been "partially obscured" by palm fronds, the affiant was still able to see "drug transactions in or around the balcony area." **ECF No. 58** at 10. The report also found that any omission from the affidavit about the conditions under which the affiant saw the transactions was immaterial to the probable-cause finding because the affidavit also recounted a recent citizen complaint that the affiant had received – identifying defendant by name, build, neighborhood, and car – about defendant illegally selling drugs from his home. *Id*. at 10-11. Defendant timely objected to the report and recommendation. **ECF No. 59**. Reviewing those objections de novo, *see* 28 U.S.C. § 636(b)(1)(C), the Court will adopt, with one exception, the report and recommendation.

"If a defendant, by a preponderance of the evidence, shows at a Franks hearing that an affidavit in a warrant application contains false statements or omissions, made intentionally or with reckless disregard for the truth, and that a finding of probable cause would not have been made without those false statements or omissions, then the defendant is entitled to the suppression of evidence obtained under that warrant." *United States* v. *Arias*, 848 F.3d 504, 510-11 (1st Cir. 2017) (citing *United States* v. *Tanguay*, 787 F.3d 44, 48 (1st Cir. 2015)). "To show that the evidence presented to the magistrate was not 'truthful' in the Franks sense, '[a]llegations of [police] negligence or innocent mistake are insufficient.'" *Hernández-Cuevas* v. *Taylor*, 723 F.3d 91, 102 (1st Cir. 2013) (alterations in original) (quoting *Franks*, 438 U.S. at 171). And, an omission or false statement is "immaterial" to a probable-cause finding if, upon correcting the information in the affidavit, "there is still a more than adequate showing of 'probable cause.'" *United States* v. *Young*, 877 F.2d 1099, 1102 (1st Cir. 1989) (citing *Franks*, 438 U.S. at 171-72).

Defendant does not contest that the warrant affidavit, as written, provides probable cause to search his home for contraband, *see* **ECF Nos. 32**, **36**, **40**, **43**, **46**, **50**, **57**, **59**, and for good reason. If the affiant had received, in person, a detailed citizen complaint about defendant selling illegal drugs out of his home and if the affiant later witnessed defendant distributing what appeared to be illegal drugs out of his home, *see* **ECF No. 56-2** at 8, 10-11, then the magistrate, upon being informed of those observations, *see id*. at 13-14, certainly had a "substantial basis for concluding that probable cause existed" to search the home for illegal drugs. *See United States* v. *Faust*, 853 F.3d 39, 46 (1st Cir. 2017) (quoting *United States* v. *Dixon*, 787 F.3d 55, 59 (1st Cir. 2015)).

Instead, as noted above, defendant contests the warrant affidavit on the ground that the affiant intentionally or recklessly omitted the "exact location of his surveillance" of defendant's home in order to exaggerate his ability to observe whether illegal drugs were being sold there. **ECF No. 32**, ¶¶ 7-9. The Court finds the challenge unavailing.

In his report, Magistrate Judge McGiverin finds that the photograph of the front door and balcony area of defendant's home, entered into evidence as Defense Exhibit G, was taken from "about [the] position" of the affiant's surveillance. **ECF No. 58** at 6. Magistrate Judge McGiverin also finds that, although the photograph shows that "a palm tree growing in front of [the] house . . . partially obstruct[s] the view of the balcony area," that area remains "partially visible" and the front door still "is visible." *Id*. at 7; *see also* **ECF No. 56-7** (Defense Exhibit G). Based on those findings, Magistrate Judge McGiverin concludes that, even though "palm fronds . . . partially obstructed" his view, the affiant, using binoculars, was still able to observe "drug transactions [occurring] in or around the balcony area," as stated in the warrant affidavit. **ECF No. 58** at 10. The Court hereby accepts those proposed findings of fact and the related conclusion.

Although defendant objects to the report's conclusion, he does not object to the proposed findings of fact that support the conclusion. *See* **ECF No. 59**. Indeed, he agrees that the balcony area is "partially visible" in the photograph in Defense Exhibit G. *Id*., ¶ 4. Instead, he contends that because "the house's balcony wall" also partially "obstruct[ed]" the affiant's perspective, the Court must find that "[t]he Magistrate's conclusion . . . [is] not supported by the record." *Id*.

However, defendant's contention is plainly wrong. In the affidavit, the affiant states that he saw defendant engage in two drug transactions, both of which involved defendant opening the front door to his home, stepping outside, and handing or tossing baggies containing illegal drugs to someone waiting out front. **ECF No. 56-2** at 9-11. There is no reason why the palm tree and the balcony wall would have necessarily blocked the affiant from seeing what he claims that he saw. And, defendant does not explain why the Court must assume, as he clearly does, that those drug transactions must have taken place only in those areas that were obstructed by the tree and the wall and not in an unobstructed area. Thus, although the tree and the wall may have partially obstructed the affiant's view part of the drug transactions, *see* **ECF No. 56-7**, thereby depriving him of a perfectly clear view, *see* **ECF No. 56-2** at 9, defendant has failed to show that the affiant intentionally or recklessly made a false statement or omission in the affidavit.[1]

In any event, the Court also accepts the finding from Magistrate Judge McGiverin's report that any falsity or omission in the affidavit about the affiant's observation of drug transactions was immaterial since the affidavit also recounted the detailed complaint of an ordinary citizen, which the citizen had personally delivered to the affiant, about defendant dealing drugs out of his home. *See* **ECF No. 58** at 10-11. The report found that the citizen complaint, in itself, "made it reasonably likely that a search [of defendant's house] would reveal incriminating evidence"

---

[1] Defendant repeatedly complains that the affiant claims, in the affidavit, that he had a "clear view" of defendant's home while surveilling it. *See* **ECF No. 59**, ¶¶ 4, 11. Defendant's complaint, however, is based on the fact that a palm tree in the house's front yard and the house's own balcony wall partially obstructed the affiant's view of other parts of the house. *See id.*, ¶¶ 4, 8, 13-14. The complaint is meritless because the tree and the wall are part of the property, and any view of the entire front of the house will include a view of them.

of drug possession. *Id.* at 11; *see also United States* v. *Rivera*, 825 F.3d 59, 63 (1st Cir. 2016) (holding that probable cause to search exists when there is a "reasonable likelihood" that "contraband or evidence of a crime will be found in a particular place.") (quoting *United States* v. *Clark*, 685 F.3d 72, 76 (1st Cir. 2012); then quoting *Illinois* v. *Gates*, 462 U.S. 213, 238 (1983)). Based on the above findings, the report concluded that "even if the court were to find that the statements in the affidavit regarding . . . observations of drug transactions were false," "the affidavit's remaining content [wa]s sufficient to support a finding of probable cause." **ECF No. 58** at 11.

Defendant has not objected to any of the proposed findings of fact, from Magistrate Judge McGiverin's report, in the paragraph above. *See* **ECF No. 59**. "[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." *M.* v. *Falmouth Sch. Dep't*, 847 F.3d 19, 25 (1st Cir. 2017) (quoting *Keating* v. *Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988) (per curiam)). After all, absent an objection, "[a] district court has a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Id.* (alterations in original) (quoting *Templeman* v. *Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985)). Accordingly, the Court hereby accepts all of the uncontroverted findings and recommendations in Magistrate Judge McGiverin's report. *Thomas* v. *Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)(C)).

Although defendant objects to the report's conclusion that any falsity or omission in the affidavit about the observations of the alleged drug transactions was immaterial, he does so only on the ground that the affiant's "weapons observations [we]re not sufficient [o]n their own to

establish probable cause." **ECF No. 59**, ¶ 14; *see also id.*, ¶¶ 15-17. The Court need not determine whether the affiant's alleged observation of defendant in possession of a firearm, as recounted in the warrant affidavit, also provided probable cause to search. Indeed, the report's findings on that topic, *see* **ECF No. 58** at 11, will be the one aspect of the report that the Court does not accept – not because the Court has found that the findings are erroneous, but because the Court does not need to find whether they are erroneous. After all, defendant has not objected to the report's finding that the information from the citizen complainant, as recounted in the affidavit, did provide probable cause on its own. And, the Court has already accepted that finding. Thus, the alleged falsities and omissions about which defendant complains were clearly immaterial.

In sum, the Court hereby **ACCEPTS IN PART** Magistrate Judge McGiverin's report and recommendation on defendant's motion to suppress. *See* **ECF No. 58**. Accordingly, the Court hereby **DENIES** the motion. *See* **ECF No. 32**. Because the affiant provided defendant, at the Franks hearing, with the exact location from which he had surveilled defendant's residence, the Court hereby **DISMISSES AS MOOT** defendant's motions to order the affiant to turn over that information. *See* **ECF Nos. 26**, **30**. Finally, the Court hereby **NOTES** the motions filed by the parties in support of their respective positions on suppression. *See* **ECF Nos. 38**, **43**, **50**, **57**. Motion at **ECF No. 59** is **NOTED**.

    **SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of July 2017.

                                           S/AIDA M. DELGADO-COLÓN
                                           **Chief United States District Judge**